1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY LAVEL ZEIGLER,                    No.  2:23-cv-01365-DAD-AC (HC)

12            Petitioner,

13      v.                                     ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS AND DISMISSING
14   J. BENAVIDEZ,                             HABEAS PETITION AS AN
                                               UNAUTHORIZED SECOND OR
15            Respondent.                      SUCCESSIVE PETITION

16                                             (Doc. No. 11)

17

18         Petitioner Anthony Lavel Zeigler is a state prisoner proceeding *pro se* and *in forma*

19   *pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was

20   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

21   302.

22         On August 2, 2023, the assigned magistrate judge issued findings and recommendations

23   recommending that the pending petition (Doc. No. 1) be dismissed for lack of jurisdiction.  (Doc.

24   No. 11.)  Specifically, the findings and recommendations concluded that the pending petition is a

25   second or successive petition and that petitioner has not first obtained leave from the Ninth

26   Circuit Court of Appeals to proceed with such a petition as is required.  (*Id.* at 1–2.)

27         Those findings and recommendations were served on petitioner and contained notice that

28   any objections thereto were to be filed within fourteen (14) days from the date of service.  (*Id*. at

1

1    4.)  (*Id*. at 2.)  No objections to the pending findings and recommendations have been filed with

2    the court, and the time for doing so has passed.

3         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

4    court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the

5    court finds the findings and recommendations to be supported by the record and proper analysis.

6         Having determined that petitioner is not entitled to habeas relief, the court now turns to

7    whether a certificate of appealability should issue.  "[A] state prisoner seeking a writ of habeas

8    corpus has no absolute entitlement to appeal a district court's denial of his petition," and an

9    appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36

10   (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a

11   certificate of appealability).  Where, as here, "the court denies habeas relief on procedural

12   grounds without reaching the prisoner's underlying constitutional claims," the court should issue

13   a certificate of appealability "if jurists of reason would find it debatable whether the petition

14   states a valid claim of the denial of a constitutional right, and that jurists of reason would find it

15   debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529

16   U.S. 473, 484 (2000).  But "[w]here a plain procedural bar is present . . . a reasonable jurist

17   [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner

18   should be allowed to proceed further."  *Id.*  Because the petitioner's pending application is clearly

19   barred on jurisdictional grounds, the court declines to issue a certificate of appealability.

20        Accordingly,

21        1.     The findings and recommendations issued on August 2, 2023 (Doc. No. 11) are

22               adopted in full;

23        2.     This petition for writ of habeas corpus (Doc. No. 1) is dismissed for lack of

24               jurisdiction because it is an unauthorized second or successive petition;

25   /////

26   /////

27   /////

28   /////

2

3.      The court declines to issue a certificate of appealability; and

4.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **October 3, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE